# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FRANK GARY CLAY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-1429** |
| **EAST CARROLL SHERIFF'S DEPARTMENT, ET AL.** | **SECTION I** |

## ORDER AND REASONS

Plaintiff Frank Gary Clay, a state prisoner, filed the instant *pro se* and *in forma pauperis* complaint against the East Carroll Sheriff's Department, the River Bend Detention Center, Sheriff Wydette Williams, Warden Johnny Hedgemon, Assistant Warden Edward Knight, and the East Carroll River Bend Medical Staff. He claims that he has been denied adequate medical care.

Federal law provides:

A civil action may be brought in –

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). In this case, no defendant is alleged to reside in the Eastern District of Louisiana. Further, no part of the events or omissions giving rise to

1

plaintiff's claims occurred within the Eastern District of Louisiana. Instead, all of those events or omissions occurred at the River Bend Detention Center in the town of Lake Providence in East Carroll Parish, Louisiana, which lies within the geographical boundaries of the Western District of Louisiana. 28 U.S.C. § 98(c).

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[1] In this case, venue is not proper in the Eastern District of Louisiana but would be proper in the Western District of Louisiana. Further, the Court finds that it is in the interest of justice that this case be transferred to the Western District of Louisiana.

Accordingly,

**IT IS ORDERED** that, pursuant to 28 U.S.C. § 1406(a), the above-captioned matter is **TRANSFERRED** to the United States District Court for the Western District of Louisiana.

New Orleans, Louisiana, March 29, 2018.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[1] The Court notes that 28 U.S.C. § 1404(a) provides an alternative and independent basis to transfer a case. However, because § 1406(a) deals specifically with transfers in instances of improper venue, the Court will rely on § 1406(a).